Case 6:23-cv-00756-PGB-E_K   Document 1   Filed 04/25/23   Page 1 of 13 PageID 1

IN THE UNITED STATES COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.  23-cv-756

ICEMANS THUNDER, LLC

Plaintiff

v.

RCS INTERNATIONAL, LLC

Defendant

_____/

## COMPLAINT

COMES NOW, Plaintiff, ICEMANS THUNDER, LLC, by and through its undersigned counsel, and sues Defendant, RCS INTERNATIONAL, LLC, and alleges:

### PARTIES

1. Plaintiff, ICEMANS THUNDER, LLC ("Icemans") is a limited liability company with its principal place of business in Orlando, Florida.  Icemans' sole member is Rebecca Malin, a citizen of Florida.

2. Defendant, RCS International, LLC ("RCS") is a limited liability company with its principal place of business Winston Salem, North Carolina. RCS's members, as published by the North Carolina Secretary of State are Jonathan McClung and Rachel McClung, who are citizens of North Carolina.

### JURISDICTION

3.      This Court has original jurisdiction over this action pursuant to 28 USC §1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of attorneys' fees and costs.

**VENUE**

4.      Venue is proper in this judicial district pursuant to 28 USC § 1391, as RCS conducts business in Orange County, Florida.  Specifically, RCS sells products in Orlando, Florida, and uses a warehouse in Orlando, Florida to fulfill orders of products for delivery on a same day basis to customers in Orlando, Florida.  Thus, RCS have sufficient contacts within this district to subject RCS to the jurisdiction of this Court.

**GENERAL ALLEGATIONS**

5.      Icemans operates an internet-based store front in Amazon.com ("Amazon") since 2012. Iceman sells an array of products in its storefront, including Domino® brand sugar, which is a main seller for Icemans. The Domino® products are purchased by Icemans from an authorized wholesaler of Domino® sugar products.

6.      Domino® brand products sold by Icemans are cataloged or categorized by an ASIN number on Amazon. Thereafter, the Domino® products are resold on the Amazon storefront owned by Icemans Thunder LLC.  An example of the listings of the Domino® sugar product by Icemans is attached as **Exhibit A**.

7.      The Domino® trademark is owned by American Sugar Refining Inc. ("ASR"). *See* Trademark Registration attached as **Exhibit B.**  ASR's principal address is 1 North Clematis Street, Suite 200, West Palm Beach, FL 33401.

8.      RCS utilizes the name "Myfulfillmate" to operate a digital store front on Amazon, similar to the one operated by Icemans.  RCS lists and sells the Domino® sugar products in its

store front. See example of the listings of the Domino® sugar product by Icemans is attached as **Exhibit C**.

9. Through Myfulfillmate, RCS lists for sale Domino® branded sugar of the same quantities as the Domino® sugar sold by Icemans. RCS through Myfulfillmate, sells and fulfills orders of Domino® sugar out of a warehouse in Orlando, Florida to customers in Orange County.

10. On April 2, 2023, Rebecca Malin ("Malin") received from Amazon a warning email discussing risk of deactivation of one the Icemans' Domino® sugar listings. See **Exhibit D.** The email identifies the listing at issue as "Domino® Sugar Packets -250 Packets." The Complaint ID is 12384518211.

11. The April 2, 2023, email details communication from the "Rights Owner" and warns of a Complaint identifying the Rights Owner as:

> ASR Brand Management
> asr-group@myfulfillmate.com
> See Ex. D.

12. "ASR" is the abbreviation for American Sugar Refining, the owner of the Domino® sugar mark. Yet, "Myfulfillmate" is the name for the Amazon store front owned by RCS, the entity that competes with Icemans in the sale of the Domino® product.

13. RCS is not the owner or brand manager for ASR.

14. On April 7, 2023, another email was sent to Malin by Amazon. See **Exhibit E.** The email states the following:

> We removed some of your listings because we received a report from a rights owner that they may violate the rights owner's intellectual property. The rights owner communication about the alleged violation and the listing we removed are at the bottom of this message.
>
> …
>
> Rights owner communication:

> The product detail page is misusing the brand name in the title, brand, bullet points, and description attribute. Misuse of a brand name may cause consumer confusion. Please note that this is an ASIN level complaint. Please take appropriate action.
> ASIN: B08P3SZ5B4
> Violation type: Intellectual Property (Product Detail Page, Product Packaging, Word Mark, Logo & Design)

15. On April 7, 2023, Icemans received another email from Amazon removing yet another listing based on a complaint filed by RCS for 400 Count of Domino® Sugar Packets. See **Exhibit F.** The complaint concerning the listing is made yet again by ASR Brand Management" asr-group@myfulfillmate.com. The communication made by RCS in the complaint purports yet again to claim the misuse of the brand name by posing as the rights owner.

16. On April 10, 2023, another complaint was filed with Amazon by RCS, resulting in the removal of the listing titled: Domino® Sugar Packets, 500 Count, Restaurant Quality given the case number: ASINB00J0EKV3I. Once again, the communication purports to come from the Rights-Owner under the guise of ASR Brand Management and alleges a misuse of brand name. See **Exhibit G.**

17. After receiving the notice of the complaint concerning the listings for the 300 and 400 count of Domino® sugar, Malin, on behalf of Icemans, sent an email to asr-group@myfulfillmate.com, the "rights owner", stating:

> We are writing in regards to a complaint we received concerning selling your Domino® Sugar Packets product on Amazon.com. We would like to address these concerns so that this complaint can be satisfied.
>
> We are currently purchasing your product by the truckload and have valid invoices. We are selling genuine Domino® SugarPackets.

See Email Attached as **Exhibit H.**

4

18. Believing the complaints were coming from the brand owner, on April 8, 2023, Icemans reached out again to Myfulfillmate, asking for the best way to bring a resolution to the issue and addressing the concerns raised in the complaint. See **Exhibit I**.

19. RCS, through its member, Jonathan McClung, acknowledged RCS was behind the complaints to Amazon, and further confirmed that RCS was raising the complaints as the "rights owner". Specifically, on April 11, 2023, an email from Jonathan McClung was sent to Icemans stating:

> Good morning Rebecca,
>
> Thank you for reaching out. We have reviewed the basis of our complaints made to Amazon regarding this ASIN and determined that the basis for our complaint is accurate. Therefore, we will not retract the complaint.
> With Regards,
> Jonathan McClung

See **Exhibit I.**

18. Effectively, RCS held itself out to be an agent of ASR to perpetuate its scheme to eliminate and/or restrict competition in the Amazon marketplace.

19. Icemans contacted counsel for ASR, the owner of the Domino® mark, and was informed that ASR has never authorized RCS/Myfulfillmate to file complaints as the "Rights Owner" on behalf of ASR.

20. Amazon specifically states in its website that "Amazon's Report Infringement form is intended for use by intellectual property rights owners and their agents to notify Amazon of alleged intellectual property infringements such as copyright and trademark concerns. If you are not an intellectual property rights owner or their agent, Amazon will not be able to process complaints submitted through this form…" *See* Amazon infringement policy attached as **Exhibit J**.

5

21. Amazon provides a complainant the option to retract an intellectual property type of complaint. *See* Exhibit J. Yet, RCS elected not to retract the false complaints it made with Amazon that resulted in the removal of Icemans' listings.

22. Sellers on Amazon have a portal titled "Account Health page." The portal shows how the seller's account performs against performance metrics and policies required to sell on Amazon. One of those policies involves not violating the intellectual property rights of a Rights owner.

23. Throughout the time when complaints were being submitted, Icemans had to submit appeals to Amazon, to reinstate the listings removed due to the false statements made by RCS. On April 4, 2023, Amazon accepted the appeal made on the listing of the Domino sugar product identified by ASIN No.: B079Y6S8F3. See Composite **Exhibit K.** On April 12, 2023, Amazon reinstated Icemans Thunder's listing titled: "Domino® Sugar Packets .10 Oz, 100 count Pack of 3" stating: In our efforts to protect our customers, we sometimes err on the side of caution. We apologize for any inconvenience." See Exhibit K**.**

24. On April 13, 2023, Amazon reinstated the Domino® Sugar Packets, 500 Count listing that was subject to the case no. ASINB00J0EKV3I. See **Exhibit L.**

25. Yet, once again, on April 14, 2023, RCS while using the name "Myfulfillmate" sought to reinstate the initial complaint it filed with Amazon concerning Icemans' listings, pretending once again to be ASR, claiming to be the rights owner of the Domino® brand.

**COUNT I- VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR PRACTICES ACT (INJUNCTIVE RELIEF**)

26. Plaintiff incorporates the allegations in paragraphs 1, 2, 4 through 25 as if fully set forth herein.

27. This is an action for declaratory relief seeking a preliminary and permanent injunction pursuant to Fla. Stat. §501.211(1).

28. Icemans and RCS engage in "trade or commerce" within the State of Florida as defined by Fla. Stat. §501.203 (8). Specifically, the two entities operate a store front in Amazon, where they advertise, solicit, provide, and offer for sale products, including Domino® sugar products, which are thereafter sold and distributed in the State of Florida, and the Orlando area, as well as in other places in the United States.

29. RCS actions of filing complaints with Amazon purporting to be the "rights owner" of the Domino® sugar brand products using the name ASR Brand Management and email: [asr-group@myfulfillmate.com](mailto:asr-group@myfulfillmate.com); and otherwise claiming to have the entitlement to said complaints with Amazon constitute acts or practices that violate the Florida Deceptive and Unfair Trade Practices Act.

30. Once RCS places the complaints with Amazon, the listings for the sale of the Domino® sugar products complained of by RCS are suspended by Amazon from Icemans storefront. This results in RCS effectively removing Iceman as a competitor, while selling the Domino® sugar products in its "Myfulfillmate" store front at Amazon without Icemans competition.

31. Fla. Stat. §501.211(1) states:

(1) Without regard to any other remedy or relief to which a person is entitled, anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part.

32. The purpose of FDUTPA is to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable,

deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2).

33. Icemans has a substantial likelihood to succeed on the merits of the claim, as RCS has unlawfully claimed the rights of ASR, whose principal office is in Florida, and who owns the mark Domino®. RCS is a competitor of Icemans, selling the Domino® sugar product. Yet, RCS has misrepresented itself as a "Rights Owner" to stifle competition. This conduct on the part of RCS demonstrates the unfair competition and the unfair and deceptive trade practices engaged in by RCS to eliminate Icemans, unethically and unscrupulously, from the marketplace.

34. RCS has engaged in unfair practices and unfair methods of competition, and/or on otherwise unconscionable acts or practices, by impersonating ASR and filing complaints with Amazon. Effectively, RCS while unfairly competing with Icemans, it has interrupted Icemans' ability to purchase from the authorized Domino® sugar wholesaler product to be sold in Icemans' storefront, and has further unfairly eliminated the competition for a period of time while Amazon reviews the substance of the false complaints. These are unlawful practices pursuant to Fla. Stat. § 501.204(1).

35. RCS has interfered in the business relationship of Icemans Thunder with the authorized wholesale of the Domino® sugar product in Florida and has interfered with its ability to sell to customers in Florida. Moreover, RCS has interfered with Icemans' advantageous business relationship with Amazon by filing frivolous claims that resulted in the wrongful removal of listings for the sale of the Domino® brand sugar products from Icemans' store front.

36. RCS has engaged in a campaign to eliminate competition by making false claims, as if it was the owner of the Domino® sugar trademark. The filing of these false claims, if not stopped, will cause irreparable harm to Icemans, as additional false allegations of trademark and

intellectual property violations will affect performance metrics required by Amazon to maintain the status of seller at Amazon.  Moreover, the ongoing complaints will further cause irreparable harm, as RCS has engaged in unfair practices that are unethical, oppressive, or unscrupulous, by unfairly misrepresenting being the rights owner of the Domino® mark to cause Amazon to remove Icemans's listings and prevent competition.   RCS's activities are unfair practices, and each time a false complaint is filed, Iceman's listing of products is removed by Amazon for a period of time.

37.     Pursuant to 28 USC § 2201, "any court of the United States, upon a filing of the appropriate pleading [in a case of actual controversy], may declare the rights and other legal relations of any interested party seeking such declaration, whether or not relief is or could be sought."

38.     An actual controversy exists where "the facts alleged, under all the circumstances, [shows] that there is a substantial controversy, between parties [with] adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Atlanta Gas Light Co. v. Aetna Cas. and Sur. Co.*, 68 F. 3d 409, 414 (11th Cir. 1995).

39.     Here, under all circumstances, there is a substantial controversy between Icemans and RCS in that despite the lack of ownership of the brand Domino® by RCS, and the lack of any rights to file complaints as the "Rights Owner" in Amazon by RCS, Icemans continues to be the subject of frivolous complaints that are chilling competition, and removing Icemans from the marketplace whenever RCS decides to make yet another claim as a "Rights Owner."

40.     Here, RCS told Icemans the following:

> Thank you for reaching out. We have reviewed the basis of our complaints made to Amazon regarding this ASIN and determined that the basis for our complaint is accurate. Therefore, we will not retract the complaint.
> With Regards,
> Jonathan McClung

41. Declaratory Judgment is therefore appropriate from this Court to determine that each act or practice of filing complaints as a "Rights Owner," impersonating ASR, violates Florida's Deceptive and Unfair Trade Practices Act.

42. Icemans' requests, the issuance of a preliminary and permanent injunction, to enjoin RCS, as it has violated, is violating, or is otherwise likely to violate the Florida's Deceptive and Unfair Trade Practices Act, by enjoining any further filing and/or submission by RCS, its employees, officers, members, agents and persons in privity of RCS, of complaints with Amazon as a "Rights Owner" of the Domino® sugar products.

43. Further, Icemans requests that RCS be required to provide Amazon a copy of the Order from this Court, providing notice to Amazon that RCS did not have, nor does it have, the right and/or the entitlement to file Complaints with Amazon as the "Rights Owner" of the Domino® sugar products.

44. Icemans has retained the services of the undersigned and is required to pay for the attorneys' fees incurred in pursuing this claim. Therefore, Icemans seeks recovery of its attorneys' fees and costs pursuant to Fla. Stat. §501.2105.

WHEREFORE, ICEMANS THUNDER LLC., seeks the entry of Judgment against Defendant, RCS INTERNATIONAL, LLC, finding that Defendant has violated, is violating, or is otherwise likely to violate the Florida's Deceptive and Unfair Trade Practices Act, and a preliminary and permanent injunction, enjoining Defendant, who has violated, is violating, or is otherwise likely to violate Florida's Deceptive and Unfair Trade Practices Act, as well as a judgment for attorneys' fees and costs incurred pursuant to Fla. Stat. §501.2105.

## COUNT II- DEFAMATION PER SE

45. Plaintiff incorporates the allegations in paragraphs 1 through 25 as if fully set forth herein.

46. This is an action for damages in excess of $75,000.00 related to defamatory statements made by RCS against Icemans.

47. RCS' primary purpose in engaging in the defamatory acts of filing or submitting false complaints with Amazon, pretending to be the "Rights Owner," were done to indulge ill will, hostility and an intent to harm Icemans.

48. RCS actions of filing complaints with Amazon purporting to be the "rights owner" of the Domino® sugar brand products using the name ASR Brand Management and email: asr-group@myfulfillmate.com; and otherwise claiming to have the entitlement to submit complaints with Amazon constitute malicious actions, communicating to Amazon that somehow Icemans was violating intellectual property rights of ASR.

49. Once RCS placed the complaints with Amazon, the listings for the sale of the Domino® sugar products complained of by RCS as being in violation of ASR's intellectual property rights, were suspended by Amazon from Icemans storefront. This action was designed by RCS to effectively remove Icemans as a competitor, while selling the Domino® sugar products in its "Myfulfillmate" store front at Amazon without Icemans competition.

50. Effectively, RCS malicious statements about Icemans, interrupted Icemans' ability to purchase from the authorized Domino® sugar wholesaler product to be sold in Icemans' storefront and eliminated RCS's competition for a period of time while Amazon reviews the substance of the false complaints.

51. RCS' unfair practices by submitting and/or filing false complaints with Amazon impersonating the "Rights Owner" have caused injury to Icemans, in that listings for the sale of Domino® sugar products from Icemans' store front have been removed for a period of time by Amazon as a result of the complaints submitted by RCS. The removal of the listings resulted in Icemans being unable to sell Domino® sugar product.

52. The ongoing false, unethical, oppressive, malicious complaints made by RCS, unfairly misrepresenting being the rights owner of the Domino® mark has caused Amazon to remove Icemans's listings and prevents Icemans from selling the Domino sugar products and causes damages.

53. The false and defamatory statements of trademark and intellectual property violations made by RCS affects Icemans' performance metrics required by Amazon to maintain the status of seller at Amazon.

54. The complaints submitted by RCS to Amazon concerning Icemans and the Dominos® sugar products were false and defamatory statements made with actual malice by RCS, who knew that RCS was not ASR and did not have the right to submit said complaint to Amazon. Moreover, RCS knew the statements concerning the misuse of the Domino® intellectual property made by RCS to Amazon concerning Icemans were not approved by ASR.

55. RCS' false, and defamatory statements concerning Icemans, made to Amazon, interfered with its ability to sell the Domino sugar products, and further interfered with Icemans' business relationship with Amazon. Each of the complaints submitted by RCS to Amazon concerning Icemans was published, in writing, was false, was known by RCS to be false, and/or was made with reckless disregard as to the falsity of the defamatory statements made, which ultimately caused injury to Icemans.

56. In connection with the damages caused by RCS' defamatory statements, Icemans had to incur expenses hiring a lawyer to seek the reinstatement of the listings removed by Amazon as a result of the defamatory statements made RCS.

57. The published statements made by RCS in the complaints submitted to Amazon concerning Icemans referenced in the general allegation of this action, even when considered alone and without innuendo, tend to injure the trade and profession of Icemans.

58. As a result of RCS's defamation per se, there is a legal presumption of loss or damage to Icemans.

59. Icemans seeks recovery of compensatory and punitive damages in excess of $75,000.00.

WHEREFORE, ICEMANS THUNDER LLC., seeks the entry of Judgment against Defendant, RCS INTERNATIONAL, LLC, for compensatory and punitive damages in excess of $75,000.00, prejudgment and post-judgment interest, taxable costs, and all other relief this Court deems just and proper.

Respectfully Submitted on this 25th day of April, 2023

/s/Daniel Lustig, Esq
Daniel Lustig, Esq
Fla. Bar. No. 59225
Pike & Lustig, LLP
1209 North Olive Ave
West Palm Beach, FL 33401
Pleadings@pikelustig.com
561-855-7585
561-855-7710